UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KHADGA BAHADUR LIMBU,

      Petitioner,

    v.                                 CAUSE NO. 3:26cv69 DRL-SJF

KRISTI NOEM, SAMUEL OLSON, and
BRIAN ENGLISH,

      Respondents.

OPINION AND ORDER

Immigration detainee Khadga Bahadur Limbu, by counsel, filed a petition under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. Pursuant to Section 2254 Habeas Corpus Rule 4, which the court may apply to petitions under § 2241, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Mr. Limbu alleges he was born in a refugee camp in Nepal and is a citizen of Bhutan. He says he initially entered the United States on June 25, 2014, as a refugee, and then became a permanent resident of the United States. Mr. Limbu alleges he was picked up from his house in Pittsburgh, Pennsylvania on April 27, 2025 and detained. He says he later signed a stipulated order of removal. He cites in his petition to 8 U.S.C. § 1229a (the usual removal proceedings), 8 U.S.C. § 1231(a)(5) (reinstatement of removal orders against noncitizens illegally reentering), and 8 U.S.C. § 1228(b) (expedited removal of noncitizens convicted of committing aggravated felonies). His removal order became administratively final on

September 8, 2025. He says he signed paperwork for travel documents back in May 2025, but ICE has since been unable to secure travel documents. He alleges he has been detained for more than 90 days following the order of removal, and his removal does not seem to be occurring in the reasonably foreseeable future. He asks the court to grant this petition for a writ of habeas corpus.

Mr. Limbu's petition will be dismissed because he has not shown his detention is unlawful. By statute, noncitizens who are subject to a final order of removal must be detained for a period of 90 days, during a "removal period." 8 U.S.C. 1231(a)(1), (a)(2). The removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B). Here, Mr. Limbu alleges his removal order became final on September 8, 2025, beginning the 90-day removal period, which ended on December 7, 2025.

If a noncitizen cannot be removed within that 90-day removal period, the statute authorizes further detention for three groups of noncitizens: (1) those who are inadmissible under 8 U.S.C. § 1182, (2) those who are removable under 8 U.S.C. §§ 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4), or (3) those who have "been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal." 8 U.S.C. § 1231(a)(6). All other noncitizens who have not been removed in that 90-day period are to be released subject to supervision. 8 U.S.C. § 1231(a)(3). Here, Mr. Limbu alleges that he was ordered removed pursuant to 8 U.S.C. § 1228(b), which governs certain deportation

proceedings under 8 U.S.C. § 1227(a)(2)(A)(iii), placing him in the category of noncitizens for whom detention beyond the removal period is authorized. *See* 8 U.S.C. § 1231(a)(6).

For those noncitizens who are subject to continued detention under § 1231(a)(6), the statute might be read to authorize indefinite detention when their removal cannot be carried out, except that, to avoid a constitutional problem with the statute, the Supreme Court read § 1231(a)(6) to "limit[] an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). In recognition of the Executive Branch's primary responsibility in foreign policy matters and the sometimes sensitive nature of repatriation negotiations that may call for difficult judgments regarding whether removal is reasonably foreseeable, the Supreme Court adopted a "presumptively reasonable period of detention" of six months. *Id.* "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

Here, based on the allegations in the petition, Mr. Limbu is still in the six-month period the Supreme Court has determined to be presumptively reasonable, and he presents no categorical bar to his removal. At best, his habeas petition is premature. But today he has not established that his detention is unlawful.

For these reasons, the court DISMISSES the petition without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases and DIRECTS the clerk to close this case.

SO ORDERED.

February 18, 2026                    *s/ Damon R. Leichty*
                                     Judge, United States District Court

3